```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

United States of America,      :

      Plaintiff,            :

   v.                            :        Case No. 2:11-mj-0194

Troy Laron McKnight ,          :        Magistrate Judge Kemp

      Defendant.            :

<u>DETENTION ORDER</u>

    The defendant, Troy Laron McKnight, accompanied by counsel, appeared for a detention hearing on March 14, 2011.  After the hearing, the Court decided that the defendant should be detained pending further proceedings.  This order explains why.

    On March 1, 2011, a grand jury sitting in the Southern District of West Virginia returned an indictment charging Mr. McKnight with five counts of trafficking in crack cocaine and one count of being a convicted felon in possession of a firearm.  This indictment carries with it a presumption that the defendant should be detained without bond, explained as follows.

    <u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses, certain firearms offenses, and certain offenses involving minor victims.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is

> prescribed in the Controlled Substances
> Act (2l U.S.C. 801 et seq)...[or] an
> offense under section 924(c)...of this
> title... or an offense involving a minor
> victim [under selected statutes]."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

   The proper effect to be given to this rebuttable presumption is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, in a narcotics case, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post

such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statutes, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominquez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

According to the Pretrial Services report, Mr. McKnight is a life-long resident of the Columbus, Ohio area.  He had been living with an aunt for the last seven years (except when he had been in prison) at an address on Gilbert Avenue.  He also has other family members in Columbus with whom he could reside if he were released.  He has no significant employment history and did not report any history of substance abuse.

The defendant's past criminal record is somewhat lengthy and dates back to 1998.  He has numerous felony convictions, some of which involve narcotics, and at least two convictions for crimes of violence (assault and attempted robbery).  It appears that he has been arrested or convicted of crimes while on some form of supervision such as probation or parole.  The Pretrial Services

officer, citing to all of these facts, recommended detention without bond.

The defendant's criminal record indicates a pattern of criminality for most of defendant's adult life.  The Court is particularly concerned about the drug-related convictions and the violent crimes.  Further, the indictment represents probable cause to believe that the defendant traveled to West Virginia on multiple occasions and committed serious drug offenses while there.  The mandatory penalty for some of those offenses is quite severe - five to forty years in prison.  The indictment also creates probable cause to believe that the defendant, a convicted felon, illegally possessed several firearms, which creates a clear danger to the community.

The defendant's ties to the Columbus community do not, in the Court's view, outweigh both the negative factors contained in the Pretrial Services report and the presumption of detention which was created by the indictment.  There are simply not enough positive factors in the report, or otherwise in the record, to rebut the presumption of detention created by a multi-count indictment for serious drug offenses.  For these reasons, the Court granted the United States' motion to detain the defendant without bond.

The defendant is advised of his right to seek review of this order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

                                      /s/ Terence P. Kemp
                                      United States Magistrate Judge